**OUTTEN & GOLDEN LLP**
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JEREMIAH HOLMES, JOSHUA KARCHEM, ROBERT PARKS, and DOUG ROLAND**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>**MARY GIULIANI CATERING & EVENTS, INC.** and **RYAN GIULIANI**,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>Case No. 15-cv-7303<br><br>**Jury Trial Demanded** |

Plaintiffs Jeremiah Holmes, Joshua Karchem, Robert Parks, and Doug Roland ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover misappropriated tips and unpaid overtime pay for Plaintiffs and similarly situated hourly servers and bartenders who work or worked for Mary Giuliani Catering & Events, Inc. ("MGCE") and its owners, Mary Giuliani and Ryan Giuliani (collectively, "Defendants").

2.      Plaintiff Holmes brings this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, its collective action

provision, 29 U.S.C. § 216(b), to remedy Defendants' violations of the FLSA's overtime provisions.

3. All Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy Defendants' violations of New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations, including 12 N.Y.C.C.R. 146-1.4.

## THE PARTIES

**Plaintiffs**

### Jeremiah Holmes

4. Plaintiff Jeremiah Holmes is an adult individual who is a resident of Columbus, Ohio.

5. Holmes was employed by Defendants as a server and a bartender, from approximately 2007 through approximately July 2014.

6. Defendants unlawfully retained mandatory gratuities that they collected from customers who held events that MGCE catered and that Holmes staffed.

7. Holmes worked more than 40 hours during his tenure with MGCE.

8. Defendants failed to pay overtime to Holmes at a rate of one-and-one-half times his regular rate of pay, and instead paid him straight time for hours over 40 in a workweek.

9. Holmes has consented in writing to assert claims under the FLSA pursuant to 29 U.S.C. § 216(b). His consent form is attached as Exhibit A.

10. At all times relevant, Holmes was a covered employee within the meaning of the FLSA and the NYLL.

**Joshua Karchem**

11. Plaintiff Joshua Karchem is an adult individual who is a resident of Brooklyn, New York.

12. Karchem was employed by Defendants as a server, bartender, and driver, from approximately October 2007 through approximately August 2011.

13. Defendants unlawfully retained mandatory gratuities that they collected from customers who held events that MGCE catered and that Karchem staffed.

14. At all times relevant, Karchem was a covered employee within the meaning of the NYLL.

**Robert Parks**

15. Plaintiff Robert Parks is an adult individual who is a resident of Los Angeles, California.

16. Parks was employed by Defendants as a server and bartender, from approximately 2008 through approximately 2010.

17. Defendants unlawfully retained mandatory gratuities that they collected from customers who held events that MGCE catered and that Parks staffed.

18. At all times relevant, Parks was a covered employee within the meaning of the NYLL.

**Doug Roland**

19. Plaintiff Doug Roland is an adult individual who is a resident of Venice, California.

20. Roland was employed by Defendants as a server and a bartender, from approximately 2007 through approximately 2010.

3

21. Defendants unlawfully retained mandatory gratuities that they collected from customers who held events that MGCE catered and that Roland staffed.

22. Roland worked more than 40 hours during his tenure with MGCE.

23. Roland was routinely required to work ten to twelve hour days, five or six days a week.

24. Defendants failed to pay overtime to Roland at a rate of one-and-one-half times his regular rate of pay, and instead paid him straight time for hours over 40 in a workweek.

25. At all times relevant, Roland was a covered employee within the meaning of the NYLL.

**Defendants**

26. Defendants operate as a single integrated enterprise that employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

27. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

28. During all relevant times, Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and/or the NYLL.

29. MGCE is a New York corporation, with its executive office at 135 West 20th Street, Sixth Floor, New York, New York 10011.

30. MGCE is the entity printed on the paychecks of employees of MGCE.

31. Upon information and belief, MGCE has an annual gross volume of sales in excess of $500,000.

32. Upon information and belief, Mary Giuliani and Ryan Giuliani own MGCE.

33. Ryan Giuliani is a resident of New York.

34. Since MGCE opened in 2005, Ryan Giuliani has co-owned and/or operated MGCE.

35. Ryan Giuliani is the Principal Executive Officer at MGCE.

36. Ryan Giuliani is an agent of MGCE.

37. At all times relevant, Ryan Giuliani has maintained control, oversight, and direction over the operations of MGCE, including its employment practices.

38. At all times relevant, Ryan Giuliani has had the power to make personnel decisions at MGCE.

39. Ryan Giuliani hires and fires employees at MGCE.

40. Ryan Giuliani is actively involved in managing the day-to-day operations of MGCE.

41. At all times relevant, Ryan Giuliani has had the power to stop any illegal pay practices that harmed Plaintiffs and those similarly situated.

42. Ryan Giuliani is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

43. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over their NYLL claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

44. The NYLL claims are so closely related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

45. Defendants are subject to personal jurisdiction in New York.

46. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

47. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs bring the Second and Third Causes of Action under Federal Rule of Civil Procedure 23 ("Rule 23") on behalf of themselves and all servers and bartenders who worked for MGCE in New York from November 10, 2008 through the date of final judgment in this matter ("Rule 23 Class").

49. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judges' immediate family and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

50. The members of the Rule 23 Class ("Rule 23 Class Members") are readily ascertainable. The number and identity of the Rule 23 Class Members can be found in Defendants' records. The hours assigned to work, the positions held, and the rates of pay for each Rule 23 Class Member can also be found in Defendants' records.

51. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are approximately 500 Class Members.

52. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

53. Common questions of law and fact exist as to the Rule 23 Class and these questions predominate over any questions only affecting them individually. These questions include, but are not limited to, the following:

(a) whether Defendants violated NYLL Article 6, § 196-d by retaining mandatory gratuities paid by event customers;

(b) whether Defendants had a policy or practice of failing to pay overtime to Plaintiffs and Rule 23 Class Members who worked more than 40 hours in a workweek and instead paid them at the straight-time rate; and

(c) the nature and extent of class-wide injury and the measure of damages for those injuries.

54. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent, and the relief sought is typical of the relief that would be sought by each Rule 23 Class Member in separate actions. Plaintiffs and all of the Rule 23 Class Members work, or have worked, for Defendants as hourly service employees at events catered by MGCE. Plaintiffs and the Rule 23 Class Members were all subject to the same corporate policies and practices, as alleged herein, including the failure to pay overtime and the retention of mandatory gratuities.

55. Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are relatively small, the expenses and burden of individual litigation would make it extremely difficult or impossible for Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual claims would result in a great expenditure of judicial. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57. Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint with a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

**COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiff Holmes brings the First Cause of Action as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all non-managerial

hourly service workers who worked for MGCE from November 10, 2011 through the date of final judgment in this matter and who opt-in to this lawsuit ("FLSA Collective").

59. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff Holmes and the members of the FLSA Collective. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit pursuant to 29 U.S.C. § 216(b). Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## **CLASS-WIDE FACTUAL ALLEGATIONS**

60. Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members (collectively, "Class Members") were harmed by Defendants as follows:

61. Defendants failed to pay overtime to Class Members at a rate of one-and-one-half times their regular rate of pay, and instead paid them at the straight-time rate for hours over 40 in a workweek.

62. Defendants unlawfully retained mandatory gratuities that they charged event customers.

63. Defendants did not provide the entirety of the gratuity to the workers who staffed the events, including Plaintiffs and Class Members.

64. Instead, Defendants paid event workers, including Plaintiffs and Class Members, at an hourly rate that did not vary from event to event.

65. Defendants' unlawful conduct as described herein has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime
**(Brought on behalf of Plaintiff Holmes and the FLSA Collective)**

66.     Plaintiff Homes, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

67.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed "employee[s]," including Plaintiff Holmes and the FLSA Collective Members.

68.     The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

69.     At all relevant times, Plaintiff Holmes and other similarly situated current and former service workers were and are employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70.     Defendants failed to pay Plaintiff Holmes and similarly situated current and former service workers overtime at a rate of one-and-one-half times their regular rate of pay, and instead paid them at their regular rate of pay for hours over 40 worked in a week.

71.     A three-year statute of limitations applies as it may be tolled or extended by agreement, equity or operation of law.

72.     Plaintiff Holmes and the FLSA Collective Members have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq*., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts,

10

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

73. Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

74. Defendants failed to pay Plaintiffs and Rule 23 Class Members overtime at a rate of one-and-one-half times their regular rate of pay pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, and instead paid them at their regular rate of pay for hours over 40 worked in a week.

75. Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Unlawful Tip Retention
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

76. Plaintiffs, on behalf of themselves and the Rule 23 Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77. Defendants violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor regulations by retaining mandatory gratuities paid by event customers who had a reasonable belief that the gratuities were for the service workers.

78. Due to Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants misappropriated gratuities, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

11

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.    That, at the earliest possible time, Plaintiff Holmes be allowed to give notice of this collective action, or that the Court issue such notice, to FLSA Collective Members. Such notice shall inform them that this action has been filed, of the nature of the action, and of their right to join this lawsuit;

B.    Unpaid overtime and liquidated damages pursuant to the FLSA;

C.    Unpaid overtime, misappropriated gratuities, and liquidated damages pursuant to the NYLL;

D.    Certification of this case as a class action pursuant to Rule 23;

E.    Designation of Plaintiffs as class representatives and counsel of record as Class Counsel;

F.    Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.,* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, and the supporting New York State Department of Labor Regulations;

G.    Pre-judgment and post-judgment interest;

H.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

I.    Reasonable attorneys' fees and costs of the action;

J.    Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so; and

K.    Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Class Action Complaint.

Dated: New York, New York
      September 16, 2015

Respectfully submitted,

**OUTTEN & GOLDEN LLP**
By:

/s/ Rachel Bien
Rachel Bien

**OUTTEN & GOLDEN LLP**
Rachel Bien
Sally J. Abrahamson
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiffs*